# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **MARK CAREY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No.:** |
| **VS.** ) | |
| ) | |
| **CT HOTELS, LLC** ) | **JURY DEMANDED** |
| **DBA MOTEL 6** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## COMPLAINT

**COMES NOW** Plaintiff Mark Carey (hereinafter "Carey" or "Plaintiff") by his undersigned attorney, David A. Hughes, and brings this action against CT Hotels, LLC dba Motel 6 (hereinafter "CT Hotels" or "Defendant") for damages and other legal and equitable relief for the Defendant's violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.,* ("FLSA") and other laws. In support thereof, the Plaintiff states the following:

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because the Defendants are subject to personal jurisdiction in the Northern District of Alabama.

3. At all relevant times herein, the Defendants' business activities were/are related and performed through unified operations or common control for a common business purpose and constituted/constitute an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4. At all relevant times herein, the Defendants employed and continue to employ persons in its place of business in furtherance of the activities of the above enterprise while engaged in interstate commerce, and, also at all relevant times herein, the Defendants engaged and continue to engage in commerce by handling, selling, and/or working on good or materials that have been moved in, or produced for, interstate commerce.

## PARTIES

5. Plaintiff Carey is an adult, is nineteen (19) years of age or over, and is a resident of Tuscaloosa, Alabama. Plaintiff performed work for the Defendants in Tuscaloosa County, which is in the Northern District of Alabama. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1).

6. CT Hotels, LLC is a Delaware limited liability company registered to do business in Alabama that operates a Motel 6 hotel located at 4700 McFarland

Blvd., Tuscaloosa AL 35405. Defendant has done so at all times relevant for the filing of this complaint, and the time periods referenced in this complaint.

7. At all times material to this action, the Defendant has been an enterprise engaged in the commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

8. CT Hotels, LLC is an interstate company whose employees are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

9. At all times relative to this action, Defendant has had, and continues to have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

10. At all times relevant to this action, Defendant was an "employer" of the Plaintiff as defined by § 203(d) of the FLSA, and the Plaintiff was an "employee" of Defendant as defined by § 203(e)(1) of the FLSA. The Plaintiff worked for the Defendant within the territory of the United States within three years preceding the filing of this lawsuit.

## STATEMENT OF FACTS

11. The Plaintiff adopts by reference each and every material averment above as if fully set forth herein.

12. Plaintiff began working for Defendant on or about August 12, 2021 and continued working full time until on or about October 17, 2021, performing maintenance duties at the hotel.

13. Plaintiff worked 8 am to 3 pm, six days a week, as well as after hours on as-needed repair jobs.

14. In doing so, Plaintiff sometimes performed services and duties that were involved in interstate commerce, and communicated data and correspondence used for direct or direct interstate transmission.

15. The Plaintiff's work for the Defendant was such that it engaged in commerce or in the production of goods for commerce and invoked individual coverage under the FLSA.

16. The parties agreed that Plaintiff was to be paid at a rate of $8 per hour.

17. Plaintiff never clocked in or out and Defendant did not record or keep records of Plaintiff's hours worked in any manner.

18. Defendant refused to pay and never paid Plaintiff any of his wages.

19. Plaintiff was, at all times, a non-exempt employee per the FLSA.

20. Defendant customarily required Plaintiff to work in excess of forty (40) hours per week without paying him minimum wage or overtime pay.

21. The Defendant did not pay the legal and mandated premium overtime rate for those hours that Plaintiff worked over 40 in a workweek.

22. These violations are known to the Defendant and were willful in nature.

## COUNT ONE
## FLSA Violations

23. The Plaintiff adopts by reference each and every material averment above as if fully set forth herein.

24. The Defendant has failed and refused to comply with the FLSA's wage requirements by failing to pay the Plaintiff at least minimum wage for the first forty hours he worked each week and one-and-one-half the regular minimum wage hourly rate per hour for hours that he worked in excess of forty hours per week during the Plaintiff's employment as described in this Complaint.

25. Defendant has failed to comply with the FLSA by failing to keep and maintain accurate records and information documenting the hours worked and wages earned by the Plaintiff.

26. The Defendant's failure to pay the Plaintiff minimum wages and overtime pay is impermissible under the FLSA.

27. The Defendant has failed to properly pay the Plaintiff within the last three (3) years preceding the filing of this complaint.

28. The Defendant's willful violations have caused financial damage to the Plaintiff, consisting of loss of pay.

29. At all material times herein, the Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

30. None of the FLSA exemptions apply to the Plaintiff, who was a non-exempt employee. Accordingly, the Plaintiff must be paid in accordance with the FLSA.

31. The Defendant's failure to accurately pay overtime was, and is, willfully perpetrated. The Defendant has not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, the Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

32. The Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate as well as reimbursement of their costs, attorneys' fees, and expenses incurred.

33. As a result of these willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by the Defendant from the Plaintiff for which the Defendant is liable pursuant to 29 U.S.C. § 216(b).

## COUNT TWO
**Common Law Unjust Enrichment**

34. The Plaintiff adopts by reference each and every material averment above as if fully set forth herein.

35. The Defendant has received and benefited from the uncompensated labors of the Plaintiff, such that to retain said benefit without compensation would

be inequitable and rise to the level of unjust enrichment.

36. At all relevant times hereto, the Defendant devised and implemented a plan to increase their earnings and profits by fostering a scheme of securing work from the Plaintiff without paying any compensation for some hours worked or overtime compensation for all hours worked.

37. Contrary to all good faith and fair dealing, the Defendant induced the Plaintiff to perform work during the day while failing to pay any compensation for some hours worked or overtime compensation for all hours worked.

38. By reason of having secured the work and efforts of the Plaintiff without paying the appropriate compensation and overtime compensation, the Defendant enjoyed reduced overhead with respect to their labor costs, and therefore realized additional earnings and profits to their own benefit and to the detriment of the Plaintiff. The Defendant retained and continue to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

39. Accordingly, the Plaintiff is entitled to judgment in an amount equal to the benefits unjustly retained by Defendants.

## COUNT THREE
## FLSA Retaliation

40. Plaintiff adopts by reference each and every material averment above as if fully set forth herein.

41. When Plaintiff complained to Defendant about his lack of minimum wage and overtime pay, he was retaliated against and terminated by Defendant, in violation of the anti-retaliation provisions of the FLSA.

42. At all material times herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, including its anti-retaliation provisions.

43. The Defendant violated the FLSA by terminating him for complaining about Defendant's illegal and wrongful pay practices.

44. Defendant's retaliation was willfully perpetrated. The Defendant's conduct was malicious, or in reckless disregard of Plaintiffs' rights.

45. Plaintiff is also entitled to an award of compensatory damages, including without limitation lost wages, an additional equal amount as liquidated damages, damages for mental and emotional distress, punitive damages, his costs, attorneys' fees, and expenses incurred in asserting this action and recovering his wages.

## PRAYER FOR RELIEF

The Plaintiff respectfully requests that the Court grant the following relief:

A. That the Court issue proper process to compel the Defendant to answer or otherwise plead to the allegations contained in this Complaint;

B.    That this Court award the Plaintiff the amount of his unpaid wages including overtime wages, plus an additional equal amount as liquidated damages;

C.    That this Court award the Plaintiff judgment against the Defendants for all applicable compensatory damages including lost wages, punitive damages, reasonable attorneys' fees, costs, disbursements, and interest;

D.    For such other and further relief as this Court deems equitable, proper and just.

Dated this 12th day of May 2022.

                                  Respectfully,

                                  <u>S/David A. Hughes</u>
                                David A. Hughes (ASB 3923-U82D)
                                *Attorney for Plaintiff*
                                Hardin & Hughes, LLP
                                2121 14th Street
                                Tuscaloosa, Alabama 35401
                                Telephone: (205) 523-0463
                                Fax: (205) 344-6188
                                E-mail: dhughes@hardinhughes.com

## ADDRESS OF DEFENDANT'S REGISTERED AGENT FOR SERVICE OF PROCESS

Unisearch, Inc.
2 North Jackson Street, Suite 605
Montgomery, AL 36104